UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

JIMMIE D. STARKES,

                Petitioner,

v.                              Case No. 3:14-cv-894-J-34JBT

SECRETARY, FLORIDA
DEPARTMENT OF CORRECTIONS,
et al.,

                Respondents.

_____

**<u>ORDER</u>**

**I. Status**

    Petitioner Jimmie Darnell Starkes, an inmate of the Florida penal system, initiated this action on July 28, 2014, by filing a pro se Petition for Writ of Habeas Corpus (Doc. 1) under 28 U.S.C. § 2254. He filed an Amended Petition (Doc. 6) on May 21, 2015, and a Second Amended Petition (Amended Petition; Doc. 11) on November 21, 2016. In the Amended Petition, Starkes challenges a 2008 state court (Duval County, Florida) judgment of conviction for possession of cocaine while armed and possession of a firearm by a convicted felon. Respondents have submitted a memorandum in opposition to the Amended Petition. See Respondents' Motion to Dismiss Second Amended Petition for Writ of Habeas Corpus (Response; Doc. 18) with exhibits (Resp. Ex.). On January 12, 2017, the Court entered an Order to Show Cause and Notice to Petitioner (Doc. 15), admonishing Starkes regarding his obligations and giving Starkes a time frame in which to submit a reply.

On August 8, 2017, the Court directed Starkes, by September 11, 2017, to show cause why this case should not be dismissed for his failure to comply, and either reply to the Response or notify the Court he does not intend to reply. See Order (Doc. 19). Starkes has neither requested an extension, shown cause, filed a reply, nor notified the Court he does not intend to reply. The September 11, 2017 deadline having passed, the case is ripe for review.

## II. Procedural History

On December 4, 2007, the State of Florida charged Starkes with possession of cocaine while armed (count one) and possession of a firearm by a convicted felon (count two). See Resp. Ex. 1 at 35-36, Amended Information. Starkes entered a plea of guilty to counts one and two on January 15, 2008. See id. at 44-45; Resp. Ex. 2 at 249-71 (Plea Tr.). On February 14, 2008, the court sentenced Starkes to a term of imprisonment of fifteen years for count one, and a term of imprisonment of fifteen years for count two, to run concurrently with count one. Resp. Exs. 1 at 63-69, Judgment; 2 at 272-352 (Sentencing Tr.).

On direct appeal, Starkes, with the benefit of counsel, filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967). See Resp. Ex. 7. Starkes filed a pro se brief, arguing that the trial court erred when it denied his motion to suppress (ground one), and the State of Florida erred when it vindictively prosecuted him twice for the same crime. See Resp. Ex. 9. On April 14, 2009, the

appellate court affirmed Starkes' conviction per curiam, <u>see</u> <u>Starkes v. State</u>, 10 So.3d 1109 (Fla. 1st DCA 2009); Resp. Ex. 10, and the mandate issued on May 12, 2009, <u>see</u> Resp. Ex. 10.

On February 24, 2010, pursuant to the mailbox rule, Starkes filed a pro se motion to correct illegal sentence under Florida Rule of Criminal Procedure 3.800(a) (Rule 3.800 motion). <u>See</u> Resp. Ex. 12 at 1-6. The circuit court denied the motion on April 12, 2010, <u>see</u> <u>id.</u> at 7-8, and later denied his motion for rehearing, <u>see</u> Resp. Ex. 13 at 1-18, 19. On October 13, 2010, the appellate court reversed the circuit court's denial of the Rule 3.800 motion and remanded the case for the court either to attach portions of the record refuting Starkes' claim or strike the habitual felony offender (HFO) designation. <u>See</u> <u>Starkes v. State</u>, 46 So.3d 621 (Fla. 1st DCA 2010); Resp. Ex. 15. On remand, the circuit court denied the Rule 3.800 motion and provided record attachments, <u>see</u> Resp. Ex. 16 at 12-24, and later denied Starkes' motion for rehearing, <u>see</u> <u>id.</u> at 25-29, 33. On March 24, 2011, the appellate court affirmed the circuit court's denial per curiam, <u>see</u> <u>Starkes v. State</u>, 61 So.3d 1119 (Fla. 1st DCA 2011); Resp. Ex. 17, and the mandate issued on June 16, 2011, <u>see</u> Resp. Ex. 17.

During the pendency of the Rule 3.800 proceedings, Starkes filed a pro se petition for writ of habeas corpus on March 27, 2010, pursuant to the mailbox rule. <u>See</u> Resp. Ex. 19. On May 14, 2010, the appellate court denied the petition on the merits, <u>see</u>

Starkes v. State, 37 So.3d 904 (Fla. 1st DCA 2010); Resp. Ex. 20, and later denied Starkes' motion for rehearing, see Resp. Ex. 21.

Additionally, during the pendency of the Rule 3.800 proceedings, Starkes filed a pro se motion for post-conviction relief pursuant to Florida Rule of Criminal Procedure 3.850 on February 18, 2011, pursuant to the mailbox rule. See Resp. Ex. 22. He filed an amended motion (Rule 3.850 motion) on March 9, 2011. See Resp. Ex. 23. In his request for post-conviction relief, Starkes asserted that counsel was ineffective because he misadvised Starkes: he faced a term of imprisonment of thirty years as an HFO for the offense of possession of cocaine while armed if he proceeded to trial (ground one), and to not testify during the suppression hearing as to Officer Sharp's alleged unlawful intrusion (ground four). Additionally, Starkes contended that counsel was ineffective because he failed to: adopt Starkes' pro se motion to disqualify Judge Haddock and preserve the issue for appeal (ground two); properly preserve for appellate review the issue relating to the trial court's denial of his motion for a continuance of the suppression hearing to locate defense witness Devon Brown (ground three); and file a motion to compel Judge Haddock to order Officer Sharp to answer the certified deposition question, file a motion in limine to prohibit Officer Sharp from testifying during the suppression hearing, and preserve the issues for appeal (ground five). The State responded. See Resp. Ex. 25.

The circuit court partially granted the Rule 3.850 motion as to ground one relating to Starkes' assertion that he was improperly deemed an HFO as to count one; the court therefore struck the HFO designation as to count one. <u>See</u> Resp. Ex. 26. Additionally, the court denied the Rule 3.850 motion as to grounds two, three, four, five, and the remaining portion of ground one. <u>See</u> <u>id.</u> The court entered an amended judgment and sentence on May 5, 2014, <u>nunc pro tunc</u> to February 14, 2008. <u>See</u> Resp. Ex. 27. Starkes did not appeal the circuit court's decision.

### III. One-Year Limitations Period

The Petition appears to be timely filed within the one-year limitations period. <u>See</u> 28 U.S.C. § 2244(d).

### IV. Evidentiary Hearing

In a habeas corpus proceeding, the burden is on the petitioner to establish the need for a federal evidentiary hearing. <u>See</u> <u>Chavez v. Sec'y, Fla. Dep't of Corr.</u>, 647 F.3d 1057, 1060 (11th Cir. 2011). "In deciding whether to grant an evidentiary hearing, a federal court must consider whether such a hearing could enable an applicant to prove the petition's factual allegations, which, if true, would entitle the applicant to federal habeas relief." <u>Schriro v. Landrigan</u>, 550 U.S. 465, 474 (2007); <u>Jones v. Sec'y, Fla. Dep't of Corr.</u>, 834 F.3d 1299, 1318-19 (11th Cir. 2016), <u>cert</u>. <u>denied</u>, 137 S.Ct. 2245 (2017). "It follows that if the record refutes the applicant's factual allegations or otherwise precludes

habeas relief, a district court is not required to hold an evidentiary hearing." Schriro, 550 U.S. at 474. The pertinent facts of this case are fully developed in the record before the Court. Because this Court can "adequately assess [Starkes'] claim[s] without further factual development," Turner v. Crosby, 339 F.3d 1247, 1275 (11th Cir. 2003), an evidentiary hearing will not be conducted.

## V. Standard of Review

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) governs a state prisoner's federal petition for habeas corpus. See Ledford v. Warden, Ga. Diagnostic & Classification Prison, 818 F.3d 600, 642 (11th Cir. 2016), cert. denied, 137 S.Ct. 1432 (2017). "'The purpose of AEDPA is to ensure that federal habeas relief functions as a guard against extreme malfunctions in the state criminal justice systems, and not as a means of error correction.'" Id. (quoting Greene v. Fisher, 565 U.S. 34, 38 (2011) (quotation marks omitted)). As such, federal habeas review of final state court decisions is "'greatly circumscribed' and 'highly deferential.'" Id. (quoting Hill v. Humphrey, 662 F.3d 1335, 1343 (11th Cir. 2011) (quotation marks omitted)).

The first task of the federal habeas court is to identify the last state court decision, if any, that adjudicated the claim on the merits. See Wilson v. Warden, Ga. Diagnostic Prison, 834 F.3d 1227, 1235 (11th Cir. 2016) (en banc), cert. granted, 137 S.Ct.

1203 (2017); <u>Marshall v. Sec'y, Fla. Dep't of Corr.</u>, 828 F.3d 1277, 1285 (11th Cir. 2016). Regardless of whether the last state court provided a reasoned opinion, "it may be presumed that the state court adjudicated the claim on the merits in the absence of any indication or state-law procedural principles to the contrary." <u>Harrington v. Richter</u>, 562 U.S. 86, 99 (2011) (citation omitted); <u>see</u> <u>also</u> <u>Johnson v. Williams</u>, 568 U.S. 289, 301 (2013).[1] Thus, the state court need not issue an opinion explaining its rationale in order for the state court's decision to qualify as an adjudication on the merits. <u>See</u> <u>Richter</u>, 562 U.S. at 100.

If the claim was "adjudicated on the merits" in state court, § 2254(d) bars relitigation of the claim unless the state court's decision (1) "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States;" or (2) "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d); <u>Richter</u>, 562 U.S. at 97-98. As the Eleventh Circuit has explained:

> First, § 2254(d)(1) provides for federal review for claims of state courts' erroneous legal conclusions. As explained by the Supreme Court in <u>Williams v. Taylor</u>, 529 U.S. 362, 120

_____

[1] The presumption is rebuttable and "may be overcome when there is reason to think some other explanation for the state court's decision is more likely." <u>Richter</u>, 562 U.S. at 99-100; <u>see</u> <u>also</u> <u>Johnson</u>, 133 S. Ct. at 1096-97. However, "the <u>Richter</u> presumption is a strong one that may be rebutted only in unusual circumstances . . . ." <u>Johnson</u>, 133 S. Ct. at 1096.

S. Ct. 1495, 146 L.Ed.2d 389 (2000), §
2254(d)(1) consists of two distinct clauses: a
"contrary to" clause and an "unreasonable
application" clause. The "contrary to" clause
allows for relief only "if the state court
arrives at a conclusion opposite to that
reached by [the Supreme] Court on a question
of law or if the state court decides a case
differently than [the Supreme] Court has on a
set of materially indistinguishable facts."
Id. at 413, 120 S. Ct. at 1523 (plurality
opinion). The "unreasonable application"
clause allows for relief only "if the state
court identifies the correct governing legal
principle from [the Supreme] Court's decisions
but unreasonably applies that principle to the
facts of the prisoner's case." Id.

Second, § 2254(d)(2) provides for federal
review for claims of state courts' erroneous
factual determinations. Section 2254(d)(2)
allows federal courts to grant relief only if
the state court's denial of the petitioner's
claim "was based on an unreasonable
determination of the facts in light of the
evidence presented in the State court
proceeding." 28 U.S.C. § 2254(d)(2). The
Supreme Court has not yet defined §
2254(d)(2)'s "precise relationship" to §
2254(e)(1), which imposes a burden on the
petitioner to rebut the state court's factual
findings "by clear and convincing evidence."
See Burt v. Titlow, 571 U.S. ---, ---, 134 S.
Ct. 10, 15, 187 L.Ed.2d 348 (2013); accord
Brumfield v. Cain, 576 U.S. ---, ---, 135 S.
Ct. 2269, 2282, 192 L.Ed.2d 356 (2015).
Whatever that "precise relationship" may be,
"'a state-court factual determination is not
unreasonable merely because the federal habeas
court would have reached a different
conclusion in the first instance.'"[2] Titlow,
571 U.S. at ---, 134 S. Ct. at 15 (quoting

---

[2] The Eleventh Circuit has described the interaction between
§ 2254(d)(2) and § 2254(e)(1) as "somewhat murky." Clark v. Att'y
Gen., Fla., 821 F.3d 1270, 1286 n.3 (11th Cir. 2016).

<u>Wood v. Allen</u>, 558 U.S. 290, 301, 130 S. Ct. 841, 849, 175 L.Ed.2d 738 (2010)).

<u>Tharpe v. Warden</u>, 834 F.3d 1323, 1337 (11th Cir. 2016), <u>cert</u>. <u>denied</u>, 137 S. Ct. 2298 (2017); <u>see also</u> <u>Daniel v. Comm'r, Ala. Dep't of Corr.</u>, 822 F.3d 1248, 1259 (11th Cir. 2016). Also, deferential review under § 2254(d) generally is limited to the record that was before the state court that adjudicated the claim on the merits. <u>See</u> <u>Cullen v. Pinholster</u>, 563 U.S. 170, 182 (2011) (stating the language in § 2254(d)(1)'s "requires an examination of the state-court decision at the time it was made"); <u>Landers v. Warden, Att'y Gen. of Ala.</u>, 776 F.3d 1288, 1295 (11th Cir. 2015) (regarding § 2254(d)(2)).

Where the state court's adjudication on the merits is "'unaccompanied by an explanation,' a petitioner's burden under section 2254(d) is to 'show[] there was no reasonable basis for the state court to deny relief.'" <u>Wilson</u>, 834 F.3d at 1235 (quoting <u>Richter</u>, 562 U.S. at 98). Thus, "a habeas court must determine what arguments or theories supported or, as here, could have supported, the state court's decision; and then it must ask whether it is possible fairminded jurists could disagree that those arguments or theories are inconsistent with the holding in a prior decision of [the] Court." <u>Richter</u>, 562 U.S. at 102; <u>see also</u> <u>Wilson</u>, 834 F.3d at 1235. To determine which theories could have supported the state appellate court's decision, the federal habeas court may look to a state trial court's previous opinion as one example of a reasonable

application of law or determination of fact. <u>Wilson</u>, 834 F.3d at 1239; <u>see also</u> <u>Butts v. GDCP Warden</u>, 850 F.3d 1201, 1204 (11th Cir. 2017).[3] However, in <u>Wilson</u>, the en banc Eleventh Circuit stated that the federal habeas court is not limited to assessing the reasoning of the lower court. 834 F.3d at 1239. As such,

> even when the opinion of a lower state court contains flawed reasoning, [AEDPA] requires that [the federal court] give the last state court to adjudicate the prisoner's claim on the merits "the benefit of the doubt," <u>Renico</u>,[4] 559 U.S. at 773, 130 S.Ct. 1855 (quoting <u>Visciotti</u>,[5] 537 U.S. at 24, 123 S.Ct. 357), and presume that it "follow[ed] the law," <u>Donald</u>,[6] 135 S.Ct. at 1376 (quoting <u>Visciotti</u>, 537 U.S. at 24, 123 S.Ct. 357).

<u>Id.</u> at 1238.

Thus, "AEDPA erects a formidable barrier to federal habeas relief for prisoners whose claims have been adjudicated in state court." <u>Burt v. Titlow</u>, 134 S. Ct. 10, 16 (2013). "Federal courts may grant habeas relief only when a state court blundered in a manner so 'well understood and comprehended in existing law' and 'was so lacking in justification' that 'there is no possibility fairminded jurists could disagree.'" <u>Tharpe</u>, 834 F.3d at 1338

---

[3] Although the United States Supreme Court has granted Wilson's petition for certiorari, the "en banc decision in <u>Wilson</u> remains the law of the [Eleventh Circuit] unless and until the Supreme Court overrules it." <u>Butts</u>, 850 F.3d at 1205 n.2.

[4] <u>Renico v. Lett</u>, 559 U.S. 766 (2010).

[5] <u>Woodford v. Visciotti</u>, 537 U.S. 19 (2002).

[6] <u>Woods v. Donald</u>, 135 U.S. 1372 (2015).

(quoting <u>Richter</u>, 562 U.S. at 102-03). "This standard is 'meant to be' a difficult one to meet." <u>Rimmer v. Sec'y, Fla. Dep't of Corr.</u>, 864 F.3d 1261, 1274 (11th Cir. 2017) (quoting <u>Richter</u>, 562 U.S. at 102). Thus, to the extent that Starkes' claims were adjudicated on the merits in the state courts, they must be evaluated under 28 U.S.C. § 2254(d).

## VI. Exhaustion/Procedural Default

There are prerequisites to federal habeas review. Before bringing a § 2254 habeas action in federal court, a petitioner must exhaust all state court remedies that are available for challenging his state conviction. <u>See</u> 28 U.S.C. § 2254(b)(1)(A). To exhaust state remedies, the petitioner must "fairly present[]" every issue raised in his federal petition to the state's highest court, either on direct appeal or on collateral review. <u>Castille v. Peoples</u>, 489 U.S. 346, 351 (1989) (emphasis omitted). Thus, to properly exhaust a claim, "state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." <u>O'Sullivan v. Boerckel</u>, 526 U.S. 838, 845 (1999).

In addressing exhaustion, the United States Supreme Court explained:

> Before seeking a federal writ of habeas corpus, a state prisoner must exhaust available state remedies, 28 U.S.C. § 2254(b)(1), thereby giving the State the "'"opportunity to pass upon and correct" alleged violations of its prisoners' federal

11

rights.'" <u>Duncan v. Henry</u>, 513 U.S. 364, 365,
115 S.Ct. 887, 130 L.Ed.2d 865 (1995) (per
curiam) (quoting <u>Picard v. Connor</u>, 404 U.S.
270, 275, 92 S.Ct. 509, 30 L.Ed.2d 438
(1971)). To provide the State with the
necessary "opportunity," the prisoner must
"fairly present" his claim in each appropriate
state court (including a state supreme court
with powers of discretionary review), thereby
alerting that court to the federal nature of
the claim. <u>Duncan</u>, <u>supra</u>, at 365-366, 115
S.Ct. 887; <u>O'Sullivan v. Boerckel</u>, 526 U.S.
838, 845, 119 S.Ct. 1728, 144 L.Ed.2d 1
(1999).

<u>Baldwin v. Reese</u>, 541 U.S. 27, 29 (2004).

A state prisoner's failure to properly exhaust available state
remedies results in a procedural default which raises a potential
bar to federal habeas review. The United States Supreme Court has
explained the doctrine of procedural default as follows:

Federal habeas courts reviewing the
constitutionality of a state prisoner's
conviction and sentence are guided by rules
designed to ensure that state-court judgments
are accorded the finality and respect
necessary to preserve the integrity of legal
proceedings within our system of federalism.
These rules include the doctrine of procedural
default, under which a federal court will not
review the merits of claims, including
constitutional claims, that a state court
declined to hear because the prisoner failed
to abide by a state procedural rule. <u>See</u>,
<u>e.g.</u>, <u>Coleman</u>,[7] <u>supra</u>, at 747-748, 111 S.Ct.
2546; <u>Sykes</u>,[8] <u>supra</u>, at 84-85, 97 S.Ct. 2497.
A state court's invocation of a procedural
rule to deny a prisoner's claims precludes
federal review of the claims if, among other

---

[7] <u>Coleman v. Thompson</u>, 501 U.S. 722 (1991).

[8] <u>Wainwright v. Sykes</u>, 433 U.S. 72 (1977).

> requisites, the state procedural rule is a
> nonfederal ground adequate to support the
> judgment and the rule is firmly established
> and consistently followed. <u>See</u>, <u>e.g.</u>, <u>Walker
> v. Martin</u>, 562 U.S. --, --, 131 S.Ct. 1120,
> 1127-1128, 179 L.Ed.2d 62 (2011); <u>Beard v.
> Kindler</u>, 558 U.S. --, --, 130 S.Ct. 612,
> 617-618, 175 L.Ed.2d 417 (2009). The doctrine
> barring procedurally defaulted claims from
> being heard is not without exceptions. A
> prisoner may obtain federal review of a
> defaulted claim by showing cause for the
> default and prejudice from a violation of
> federal law. <u>See</u> <u>Coleman</u>, 501 U.S., at 750,
> 111 S.Ct. 2546.

<u>Martinez v. Ryan</u>, 132 S.Ct. 1309, 1316 (2012). Thus, procedural defaults may be excused under certain circumstances. Notwithstanding that a claim has been procedurally defaulted, a federal court may still consider the claim if a state habeas petitioner can show either (1) cause for and actual prejudice from the default; or (2) a fundamental miscarriage of justice. <u>Ward v. Hall</u>, 592 F.3d 1144, 1157 (11th Cir. 2010); <u>In Re Davis</u>, 565 F.3d 810, 821 (11th Cir. 2009). In order for a petitioner to establish cause,

> the procedural default "must result from some
> objective factor external to the defense that
> prevented [him] from raising the claim and
> which cannot be fairly attributable to his own
> conduct." <u>McCoy v. Newsome</u>, 953 F.2d 1252,
> 1258 (11th Cir. 1992) (quoting <u>Carrier</u>, 477
> U.S. at 488, 106 S.Ct. 2639).[9] Under the
> prejudice prong, [a petitioner] must show that
> "the errors at trial actually and
> substantially disadvantaged his defense so
> that he was denied fundamental fairness." <u>Id</u>.

---

[9] <u>Murray v. Carrier</u>, 477 U.S. 478 (1986).

at 1261 (quoting <u>Carrier</u>, 477 U.S. at 494, 106 S.Ct. 2639).

<u>Wright v. Hopper</u>, 169 F.3d 695, 706 (11th Cir. 1999).

In <u>Martinez</u>, the Supreme Court modified the general rule in <u>Coleman</u>[10] to expand the "cause" that may excuse a procedural default. 132 S.Ct. at 1315.

> Allowing a federal habeas court to hear a claim of ineffective assistance of trial counsel when an attorney's errors (or the absence of an attorney) caused a procedural default in an initial-review collateral proceeding acknowledges, as an equitable matter, that the initial-review collateral proceeding, if undertaken without counsel or with ineffective counsel, may not have been sufficient to ensure that proper consideration was given to a substantial claim. From this it follows that, when a State requires a prisoner to raise an ineffective-assistance-of-trial-counsel claim in a collateral proceeding, a prisoner may establish cause for a default of an ineffective-assistance claim in two circumstances. The first is where the state courts did not appoint counsel in the initial-review collateral proceeding for a claim of ineffective assistance at trial. The second is where appointed counsel in the initial-review collateral proceeding, where the claim should have been raised, was ineffective under the

---

[10] "Negligence on the part of a prisoner's postconviction attorney does not qualify as 'cause.'" <u>Maples v. Thomas</u>, 565 U.S. 266, 280 (2012) (citing <u>Coleman</u>, 501 U.S. at 753). The Court reasoned that, under principles of agency law, the attorney is the prisoner's agent, and therefore, the principal bears the risk of negligent conduct on the part of his agent. <u>Coleman</u>, 501 U.S. at 753-54. In <u>Coleman</u>, the alleged ineffectiveness of counsel was on appeal from an initial-review collateral proceeding, and in that proceeding the prisoner's claims had been addressed by the state habeas trial court. <u>Id</u>. at 755. However, the <u>Martinez</u> Court addressed inadequate assistance of counsel at an initial-review collateral proceeding.

standards of <u>Strickland v. Washington</u>, 466
U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674
(1984). To overcome the default, a prisoner
must also demonstrate that the underlying
ineffective-assistance-of-trial-counsel claim
is a substantial one, which is to say that the
prisoner must demonstrate that the claim has
some merit. <u>Cf</u>. <u>Miller-El v. Cockrell</u>, 537
U.S. 322, 123 S.Ct. 1029, 154 L.Ed.2d 931
(2003) (describing standards for certificates
of appealability to issue).

<u>Id</u>. at 1318-19.

In the absence of a showing of cause and prejudice, a
petitioner may receive consideration on the merits of a
procedurally defaulted claim if he can establish that a fundamental
miscarriage of justice, the continued incarceration of one who is
actually innocent, otherwise would result. The Eleventh Circuit has
explained:

> [I]f a petitioner cannot show cause and
> prejudice, there remains yet another avenue
> for him to receive consideration on the merits
> of his procedurally defaulted claim. "[I]n an
> extraordinary case, where a constitutional
> violation has probably resulted in the
> conviction of one who is actually innocent, a
> federal habeas court may grant the writ even
> in the absence of a showing of cause for the
> procedural default." <u>Carrier</u>, 477 U.S. at 496,
> 106 S.Ct. at 2649. "This exception is
> exceedingly narrow in scope," however, and
> requires proof of actual innocence, not just
> legal innocence. <u>Johnson v. Alabama</u>, 256 F.3d
> 1156, 1171 (11th Cir. 2001).

<u>Ward</u>, 592 F.3d at 1157. "To meet this standard, a petitioner must
'show that it is more likely than not that no reasonable juror
would have convicted him' of the underlying offense." <u>Johnson v.</u>

<u>Alabama</u>, 256 F.3d 1156, 1171 (11th Cir. 2001) (quoting <u>Schlup v.</u>
<u>Delo</u>, 513 U.S. 298, 327 (1995)). Additionally, "'[t]o be credible,'
a claim of actual innocence must be based on reliable evidence not
presented at trial." <u>Calderon v. Thompson</u>, 523 U.S. 538, 559 (1998)
(quoting <u>Schlup</u>, 513 U.S. at 324). With the rarity of such
evidence, in most cases, allegations of actual innocence are
ultimately summarily rejected. <u>Schlup</u>, 513 U.S. at 324.

### VII. Ineffective Assistance of Counsel

"The Sixth Amendment guarantees criminal defendants the
effective assistance of counsel. That right is denied when a
defense attorney's performance falls below an objective standard of
reasonableness and thereby prejudices the defense." <u>Yarborough v.</u>
<u>Gentry</u>, 540 U.S. 1, 5 (2003) (per curiam) (citing <u>Wiggins v. Smith</u>,
539 U.S. 510, 521 (2003), and <u>Strickland v. Washington</u>, 466 U.S.
668, 687 (1984)).

> To establish deficient performance, a
> person challenging a conviction must show that
> "counsel's representation fell below an
> objective standard of reasonableness."
> [<u>Strickland</u>,] 466 U.S. at 688, 104 S.Ct. 2052.
> A court considering a claim of ineffective
> assistance must apply a "strong presumption"
> that counsel's representation was within the
> "wide range" of reasonable professional
> assistance. <u>Id.</u>, at 689, 104 S.Ct. 2052. The
> challenger's burden is to show "that counsel
> made errors so serious that counsel was not
> functioning as the 'counsel' guaranteed the
> defendant by the Sixth Amendment." <u>Id.</u>, at
> 687, 104 S.Ct. 2052.
>
> With respect to prejudice, a challenger
> must demonstrate "a reasonable probability

> that, but for counsel's unprofessional errors,
> the result of the proceeding would have been
> different.[11] A reasonable probability is a
> probability sufficient to undermine confidence
> in the outcome." Id., at 694, 104 S.Ct. 2052.
> It is not enough "to show that the errors had
> some conceivable effect on the outcome of the
> proceeding." Id., at 693, 104 S.Ct. 2052.
> Counsel's errors must be "so serious as to
> deprive the defendant of a fair trial, a trial
> whose result is reliable." Id., at 687, 104
> S.Ct. 2052.

Richter, 562 U.S. at 104. The Eleventh Circuit has recognized "the absence of any iron-clad rule requiring a court to tackle one prong of the Strickland test before the other." Ward, 592 F.3d at 1163. Since both prongs of the two-part Strickland test must be satisfied to show a Sixth Amendment violation, "a court need not address the performance prong if the petitioner cannot meet the prejudice prong, and vice-versa." Id. (citing Holladay v. Haley, 209 F.3d 1243, 1248 (11th Cir. 2000)). As stated in Strickland: "If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, which we expect will often be so, that course should be followed." Strickland, 466 U.S. at 697.

---

[11] In the context of an ineffective assistance challenge to the voluntariness of a guilty or no contest plea, a petitioner must show there is a "reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Hill v. Lockhart, 474 U.S. 52, 59 (1985); see Lynch v. Sec'y, Fla. Dep't of Corr., 776 F.3d 1209, 1218 (11th Cir. 2015) (citation omitted) (stating that, to succeed on a claim that counsel was ineffective because he advised petitioner to plead guilty, petitioner "must prove that: (1) counsel's advice was deficient; and (2) 'but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial'"), cert. denied, 136 S.Ct. 798 (2016).

A state court's adjudication of an ineffectiveness claim is
accorded great deference.

> "[T]he standard for judging counsel's
> representation is a most deferential one."
> Richter, - U.S. at -, 131 S.Ct. at 788. But
> "[e]stablishing that a state court's
> application of Strickland was unreasonable
> under § 2254(d) is all the more difficult. The
> standards created by Strickland and § 2254(d)
> are both highly deferential, and when the two
> apply in tandem, review is doubly so." Id.
> (citations and quotation marks omitted). "The
> question is not whether a federal court
> believes the state court's determination under
> the Strickland standard was incorrect but
> whether that determination was unreasonable -
> a substantially higher threshold." Knowles v.
> Mirzayance, 556 U.S. 111, 123, 129 S.Ct. 1411,
> 1420, 173 L.Ed.2d 251 (2009) (quotation marks
> omitted). If there is "any reasonable argument
> that counsel satisfied Strickland's
> deferential standard," then a federal court
> may not disturb a state-court decision denying
> the claim. Richter, - U.S. at -, 131 S.Ct. at
> 788.

Hittson v. GDCP Warden, 759 F.3d 1210, 1248 (11th Cir. 2014), cert.
denied, 135 S.Ct. 2126 (2015); Knowles v. Mirzayance, 556 U.S. 111,
123 (2009). "In addition to the deference to counsel's performance
mandated by Strickland, the AEDPA adds another layer of
deference--this one to a state court's decision--when we are
considering whether to grant federal habeas relief from a state
court's decision." Rutherford v. Crosby, 385 F.3d 1300, 1309 (11th
Cir. 2004). As such, "[s]urmounting Strickland's high bar is never
an easy task." Padilla v. Kentucky, 559 U.S. 356, 371 (2010).

## VIII. Findings of Fact and Conclusions of Law

### A. Ground One

As ground one, Starkes asserts that counsel (Matt Shirk) was ineffective because he coerced Starkes to plead guilty when he misadvised Starkes that, if he proceeded to trial, he faced a term of imprisonment of thirty years as an HFO for the offense of possession of cocaine while armed. See Amended Petition at 5-7. Petitioner raised the claim in his Rule 3.850 motion in state court. See Resp. Ex. 23 at 6-9. Identifying the two-prong Strickland ineffectiveness test and Hill v. Lockhart as the controlling law, see Resp. Ex. 26 at 2, the post-conviction court denied the Rule 3.850 motion with respect to this claim, stating in pertinent part:

> In Ground One, Defendant claims that counsel was ineffective for coercing him into entering a guilty plea. In support of this contention, Defendant maintains that counsel advised him that if he went to trial, he was facing a thirty-year sentence for Possession of Cocaine while Armed (Count One) because the offense qualified him as an HFO. Defendant maintains that he would not have pled had he known he did not qualify as an HFO for Count One.
>
> Section 775.084(1)(a)3, Florida Statutes (2008), prohibits the imposition of an HFO sentence when the felony for which the defendant is to be sentenced is a violation of section 893.13, Florida Statutes (2008), relating to the purchase or the possession of a controlled substance. A defendant who is convicted of a violation of section 893.13 relating to the possession of a controlled substance is not eligible for an HFO sentence

even if the prior predicate felonies were not violations of section 893.13. <u>Woods v. State</u>, 807 So. 2d 727, 728 (Fla. 1st DCA 2002); <u>Livingston v. State</u>, 682 So. 2d 591, 591 (Fla. 2d DCA 1996). An HFO sentence imposed for a section 893.13 possession offense must be reversed even if it is imposed pursuant to a plea agreement. <u>Hayes v. State</u>, 677 So. 2d 304, 305 (Fla. 1st DCA 1996). When a crime cannot be habitualized, a trial court is limited in sentencing a defendant to the statutory maximum for the crime. <u>Ledea v. State</u>, 121 So. 3d 88, 89 (Fla. 3d DCA 2013). "'[I]n order to satisfy the "prejudice" requirement, the defendant must show a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial.'" <u>Brazeail v. State</u>, 821 So. 2d 364[, 3]68 (Fla. 1st DCA 2002) (quoting <u>Hill v. Lockhart</u>, 474 U.S. 52, 58-59 (1985)). In determining whether a reasonable probability exists, a court should consider the totality of the circumstances surrounding the plea. <u>Grosvenor v. State</u>, 874 So. 2d 1176, 1181-82 (Fla. 2004).

While Defendant's Judgment and Sentencing Order does not specify for which Count(s) Defendant is to serve an HFO sentence, the trial court orally pronounced at Defendant's sentencing hearing that Defendant was to be deemed an HFO for Count One. (Ex. D at 101)[12]; <u>See</u> <u>Williams v. State</u>, 957 So. 2d 600, 603 (Fla. 2007) (A court's oral pronouncement of a sentence controls over the written sentencing document). Defendant's conviction for Possession of Cocaine while Armed under Count One is a violation of section 893.13(6)(a), Florida Statutes (2008). (Ex. B.) Section 775.084(1)(a)3, Florida Statutes (2008), does not permit habitualization for such an offense. In its Response, the State concedes that the statutory maximum under Count One is fifteen

---

[12] <u>See</u> Sentencing Tr. at 349.

years. See §§ 893.13(6)(a), 775.087(l)(c), 775.082(3)(c), Florida Statutes (2008). Therefore, while the trial court could sentence Defendant to fifteen years on Count One, the trial court could not designate Defendant as an HFO for Count One. Accordingly, the HFO designation on Count One must be stricken.

However, assuming arguendo that counsel was ineffective, counsel's misadvice did not amount to coercion. During his plea colloquy, Defendant testified under oath as follows:

> THE COURT: Has anyone promised you anything whatsoever to get you to plead guilty, any certain type of sentence, hope of special treatment, or reward of any kind?
>
> THE DEFENDANT: No, Sir.
>
> THE COURT: Has anyone threatened you, intimidated or coerced you into pleading guilty?
>
> THE DEFENDANT: No, Sir.

(Ex. D at 14.)[13] Based on this sworn testimony, this Court finds that Defendant's plea was freely and voluntarily entered.

Moreover, this Court finds that Defendant did not suffer prejudice due to counsel's alleged misadvice. As the sentence under Count One was within the statutory maximum for a second degree felony, Defendant was not harmed by the improper HFO designation on Count One. The fifteen-year sentence for Count One is concurrent to the fifteen-year sentence for Count Two. The fifteen-year sentence under Count Two and Count Two's HFO designation are legal. Further, the State properly notified Defendant that he was facing an enhanced sentence of up to thirty years as

---

[13] See Plea Tr. at 262.

[an] HFO. (Ex. E.) Accordingly, Count One's improper HFO designation did not affect the cumulative length of Defendant's overall sentences. Defendant entered his open plea knowing he was facing a possible thirty-year sentence as an HFO. Based on the totality of these circumstances, there is not a reasonable probability that Defendant would not have pled guilty as to Count One. Thus, Defendant does not meet the second prong of <u>Strickland</u>.

Resp. Ex. 26 at 2-5 (footnotes omitted). Starkes did not appeal the post-conviction court's denial. Respondents contend that the claim is procedurally barred since Starkes failed to appeal the court's denial. <u>See</u> Response at 16-20. On this record, the Court agrees that the claim has not been exhausted, and is therefore procedurally barred since Starkes failed to raise the claim in a procedurally correct manner. Starkes has not shown either cause excusing the default or actual prejudice resulting from the bar.[14] Moreover, he has failed to identify any fact warranting the application of the fundamental miscarriage of justice exception.

Assuming that Starkes' claim is not procedurally barred, Starkes is not entitled to relief. The state post-conviction court's adjudication of this claim is entitled to deference under AEDPA. After a review of the record and the applicable law, the

---

[14] "To overcome the default, a prisoner must also demonstrate that the underlying ineffective-assistance-of-trial-counsel claim is a substantial one, which is to say that the prisoner must demonstrate that the claim has some merit." <u>Martinez</u>, 132 S.Ct. at 1318 (citation omitted). As discussed in the alternative merits analysis that follows, this ineffectiveness claim lacks any merit. Therefore, Starkes has not shown that he can satisfy an exception to the bar.

Court concludes that the state court's adjudication of this claim was not contrary to clearly established federal law and did not involve an unreasonable application of clearly established federal law. Nor was the state court's adjudication based on an unreasonable determination of the facts in light of the evidence presented in the state court proceedings. Accordingly, Starkes is not entitled to relief on the basis of this claim.

Even assuming that the state court's adjudication of this claim is not entitled to deference, and that the claim presents a sufficiently exhausted issue of federal constitutional dimension, Starkes' claim is, nevertheless, without merit. The record supports the trial court's conclusion. The United States Supreme Court has determined that "the representations of the defendant . . . [at a plea proceeding] as well as any findings made by the judge accepting the plea, constitute a formidable barrier in any subsequent collateral proceedings. Solemn declarations in open court carry a strong presumption of verity." Blackledge v. Allison, 431 U.S. 63, 73-74 (1977). Moreover, "[a] reviewing federal court may set aside a state court guilty plea only for failure to satisfy due process: If a defendant understands the charges against him, understands the consequences of a guilty plea, and voluntarily chooses to plead guilty, without being coerced to do so, the guilty plea . . . will be upheld on federal review." Stano v. Dugger, 921 F.2d 1125, 1141 (11th Cir. 1991). On this record, Starkes has

failed to carry his burden of showing that his counsel coerced him

to enter the guilty plea.

At the plea hearing, the following colloquy transpired:

> THE COURT: First let me tell you the
> maximum sentence that you could receive on
> these charges would be 35 years in prison if
> you are found to be an habitual felony
> offender or 20 years in prison if you are
> found not to be an habitual felony offender.
> Do you understand that?
>
> THE DEFENDANT: Yes.
>
> THE COURT: And on this plea I could
> sentence you anywhere from probation or
> nothing all of the way up to 35 years in
> prison. Do you understand that?
>
> THE DEFENDANT: Yes, sir.

Plea Tr. at 257-58. Even assuming arguendo deficient performance by

defense counsel, Starkes has not shown prejudice. He has not shown

a "reasonable probability that, but for counsel's errors, he would

not have pleaded guilty and would have insisted on going to trial."

Hill, 474 U.S. at 59. If Starkes had proceeded to trial, and the

jury had found him guilty of both counts, he would have faced a

possible term of imprisonment of : fifteen years[15] (with no court-

imposed HFO designation) as to count one (possession of cocaine

while armed), and thirty years as to count two (possession of a

firearm by a convicted felon) if the court had found him to be an

---

[15] See Fla. Stat. §§ 775.082(3)(c), (d), 893.13(6)(a),
775.087(1)(c) (2008).

HFO.[16] <u>See</u> Resp. Ex. 1 at 11, Notice of Intent to Classify Defendant as a Habitual Felony Offender. Starkes' ineffectiveness claim is without merit since he has not shown prejudice. Accordingly, Starkes is not entitled to federal habeas relief on this ineffectiveness claim.

## B. Ground Two

As ground two, Starkes asserts that counsel was ineffective because he failed to adopt Starkes' pro se motion to disqualify Judge Haddock. <u>See</u> Amended Petition at 7-9. Respondents claim, <u>see</u> Response at 9-15, and this Court agrees, that ground two does not relate back to any of the claims in the original Petition,[17] and therefore is due to be dismissed as untimely. Nevertheless, for purposes of the foregoing analysis, this Court will assume Starkes timely filed the claim.

Petitioner raised the claim in his Rule 3.850 motion in state court. <u>See</u> Resp. Ex. 23 at 9-12. The post-conviction court ultimately denied the Rule 3.850 motion with respect to this claim, stating in pertinent part:

> In Ground Two, Defendant claims that counsel was ineffective for failing to adopt Defendant's pro se Motion to Disqualify the Judge and for failure to preserve the issue for appellate review. Defendant maintains that his pro se motion contained a well founded

---

[16] The court sentenced Starkes to a fifteen-year HFO sentence as to count two.

[17] See <u>Mayle v. Felix</u>, 545 U.S. 644 (2005).

basis for disqualification and counsel was deficient for not going forward with the motion.

Ethically, an attorney must refrain from filing motions that lack meritorious grounds. Smith v. State, 192 So. 2d 346, 351 (Fla. 2d DCA 1966). Accordingly, counsel cannot be ineffective for failing to file a motion which would have been properly denied. Branch v. State, 952 So. 2d 470, 476 (Fla. 2006). A trial court's adverse ruling is not a legally sufficient ground upon which to base a motion to disqualify. Hastings v. State, 788 So. 2d 342, 342 (Fla. 5th DCA 2001) (citing Thompson v. State, 759 So. 2d 650 (Fla. 2000)). Moreover, in the context of a plea, the denial of a motion for disqualification is typically not appealable as it is generally not legally dispositive of the case. See Duckworth v. State, 469 So. 2d 913 (Fla. 1st DCA 1985).

Defendant's pro se Motion for Disqualification was premised on his disapproval with the trial court's denial of his Motion to Suppress. (Ex. D at 6-8.) The trial court addressed the Motion for Disqualification immediately before Defendant's plea colloquy, and the court explained that it was denying Defendant's motion based on its legal insufficiency. (Ex. D at 7.) Thus, even if counsel had adopted the motion, it would have failed. Moreover, counsel cannot be ineffective for failing to preserve the denial for appellate review because Defendant ultimately pled. Accordingly, this Court finds that counsel was not deficient. Because Defendant failed to make a sufficient showing on the first prong, Defendant is unable to establish a sustainable ineffective assistance of counsel claim under Strickland. See Strickland, 466 U.S. at 697 ("[T]here is no reason for a court deciding an ineffective assistance claim . . . to address both components of the inquiry if the defendant makes an insufficient showing on one.") Accordingly, Defendant is not entitled to relief on this Ground.

Resp. Ex. 26 at 5-6 (emphasis omitted). Starkes did not appeal the post-conviction court's denial. Respondents contend that the claim is procedurally barred since Starkes failed to appeal the court's denial. See Response at 16 n.6. On this record, the Court agrees that the claim has not been exhausted, and is therefore procedurally barred since Starkes failed to raise the claim in a procedurally correct manner. Starkes has not shown either cause excusing the default or actual prejudice resulting from the bar.[18] Moreover, he has failed to identify any fact warranting the application of the fundamental miscarriage of justice exception.

Assuming that Starkes' claim is not procedurally barred, Starkes is not entitled to relief. The state post-conviction court's adjudication of this claim is entitled to deference under AEDPA. After a review of the record and the applicable law, the Court concludes that the state court's adjudication of this claim was not contrary to clearly established federal law and did not involve an unreasonable application of clearly established federal law. Nor was the state court's adjudication based on an unreasonable determination of the facts in light of the evidence presented in the state court proceedings. Accordingly, Starkes is not entitled to relief on the basis of this claim.

---

[18] As discussed in the alternative merits analysis that follows, this ineffectiveness claim lacks any merit. Therefore, Starkes has not shown that he can satisfy an exception to the bar.

Even assuming that the state court's adjudication of this claim is not entitled to deference, and that the claim presents a sufficiently exhausted issue of federal constitutional dimension, Starkes' claim is, nevertheless, without merit. In evaluating the performance prong of the Strickland ineffectiveness inquiry, there is a strong presumption in favor of competence. See Anderson v. Sec'y, Fla. Dep't of Corr., 752 F.3d 881, 904 (11th Cir. 2014). The inquiry is "whether, in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance." Strickland, 466 U.S. at 690. "[H]indsight is discounted by pegging adequacy to 'counsel's perspective at the time' . . . and by giving a 'heavy measure of deference to counsel's judgments.'" Rompilla v. Beard, 545 U.S. 374, 381 (2005). Thus, Starkes must establish that no competent attorney would have taken the action that counsel, here, chose.

Notably, the test for ineffectiveness is neither whether counsel could have done more nor whether the best criminal defense attorneys might have done more; in retrospect, one may always identify shortcomings. Waters v. Thomas, 46 F.3d 1506, 1514 (11th Cir. 1995) (stating that "perfection is not the standard of effective assistance") (quotations omitted). Instead, the test is whether what counsel did was within the wide range of reasonable professional assistance. Ward, 592 F.3d at 1164 (quotations and citation omitted); Dingle v. Sec'y for Dep't of Corr., 480 F.3d

28

1092, 1099 (11th Cir. 2007) ("The question is whether some reasonable lawyer at the trial could have acted as defense counsel acted in the trial at issue and not what 'most good lawyers' would have done.") (citation omitted).

On this record, Starkes has failed to carry his burden of showing that his counsel's representation fell outside that range of reasonably professional assistance. At the plea hearing, the following colloquy ensued:

> [STARKES]: Your Honor, I'd like to speak to Your Honor. In maintaining that there, I'm not biased towards you. I was biased with the decision in the hearing that was going between the issue, not you.
>
> THE COURT: Oh, I see. Okay. All right. Well, on the recusal, I do think that -- and if I didn't make this clear yesterday, I denied the recusal because it was legally insufficient.[19] It didn't state -- I think everything it said in it was true. In other words, what you said in it was that I said those things, and the transcript is there, and what I said in the transcript is there, but it doesn't create a grounds [sic] for recusal.
>
> But that is certainly something you can appeal, but I don't think you can -- it's just illogical. So now you are saying it is really just the –
>
> [DEFENSE COUNSEL]: It was just the decision I think –
>
> THE COURT: The decision, not me as the Judge?

---

[19] <u>See</u> Resp. Ex. 1 at 41-42, 43.

[STARKES]: No. Just the decision in the case.

[DEFENSE COUNSEL]: It really isn't a basis to recuse.

THE COURT: You are all right with having me as the Judge to enter your plea to and then we will have a sentencing hearing?

[STARKES]: Correct.

THE COURT: Okay, I've got you. Well, I think we are all right on that, but it would be not reserving the right to appeal that, all right?

[DEFENSE COUNSEL]: Yes, sir.

THE COURT: You understand, Mr. Starkes?

[STARKES]: Yes, sir.

[DEFENSE COUNSEL]: I think he just didn't like the legal decision in the . . .

THE COURT: Oh, I understand. . . .

Plea Tr. at 254-56.

Even assuming arguendo deficient performance by defense counsel, Starkes has not shown any resulting prejudice. He has not shown that a reasonable probability exists that the outcome of the case would have been different if counsel had adopted Starkes' pro se motion to disqualify Judge Haddock. His ineffectiveness claim is without merit since he has shown neither deficient performance nor resulting prejudice. Accordingly, Starkes is not entitled to federal habeas relief on ground two.

## C. Ground Three

As ground three, Starkes asserts that counsel was ineffective because he failed to properly preserve for appellate review the issue relating to the trial court's denial of his motion for a continuance of the suppression hearing to locate defense witness Devon Brown. <u>See</u> Amended Petition at 9-10. He contends that Brown's testimony was crucial at the suppression hearing because he would have corroborated Starkes' testimony. <u>See</u> <u>id.</u> at 9. Respondents claim, <u>see</u> Response at 9-15, and this Court agrees, that ground three does not relate back to any of the claims in the original Petition, and therefore is due to be dismissed as untimely. Nevertheless, for purposes of providing a complete analysis for appellate review, this Court will assume Starkes timely filed the claim.

Petitioner raised the claim in his Rule 3.850 motion in state court. <u>See</u> Resp. Ex. 23 at 12-14. The post-conviction court ultimately denied the Rule 3.850 motion with respect to this claim, stating that he failed to demonstrate prejudice. <u>See</u> Resp. Ex. 26 at 7. Starkes did not appeal the post-conviction court's denial. Respondents contend that the claim is procedurally barred since Starkes failed to appeal the court's denial. <u>See</u> Response at 16 n.6. On this record, the Court agrees that the claim has not been exhausted, and is therefore procedurally barred since Starkes failed to raise the claim in a procedurally correct manner. Starkes

has not shown either cause excusing the default or actual prejudice resulting from the bar.[20] Moreover, he has failed to identify any fact warranting the application of the fundamental miscarriage of justice exception.

Assuming that Starkes' claim is not procedurally barred, Starkes is not entitled to relief. The state post-conviction court's adjudication of this claim is entitled to deference under AEDPA. After a review of the record and the applicable law, the Court concludes that the state court's adjudication of this claim was not contrary to clearly established federal law and did not involve an unreasonable application of clearly established federal law. Nor was the state court's adjudication based on an unreasonable determination of the facts in light of the evidence presented in the state court proceedings. Accordingly, Starkes is not entitled to relief on the basis of this claim.

Even assuming that the state court's adjudication of this claim is not entitled to deference, and that the claim presents a sufficiently exhausted issue of federal constitutional dimension, Starkes' claim is still without merit. On this record, Starkes has failed to carry his burden of showing that his counsel's representation fell outside that range of reasonably professional assistance. Even assuming arguendo deficient performance by defense

---

[20] As set forth in the alternative merits analysis, this ineffectiveness claim lacks any merit. Thus, Starkes has not shown that he can satisfy an exception to the bar.

counsel, Starkes has not shown any resulting prejudice. He has not shown that a reasonable probability exists that the outcome of the case would have been different if counsel had argued the issue in the manner Starkes suggests. His ineffectiveness claim is without merit since he has shown neither deficient performance nor resulting prejudice. Accordingly, Starkes is not entitled to federal habeas relief on ground three.

### D. Ground Four

As ground four, Starkes asserts that counsel was ineffective because he failed to: file a motion to compel Judge Haddock to order Officer Sharp to answer the certified deposition question, file a motion in limine to prohibit Officer Sharp from testifying during the suppression hearing, and preserve the issue for appellate review. See Amended Petition at 10-15. He contends that "[t]he certified question was relevant and went to the credibility of Officer Sharp," see id. at 13, since his answer "would have revealed [he] had been disciplined a number of times, for bad acts of dishonest[y] unbecoming of an officer, for lying during a police investigation and mak[ing] false police reports," see id. at 14. Petitioner raised the claim in his Rule 3.850 motion in state court. See Resp. Ex. 23 at 17-21. The post-conviction court ultimately denied the Rule 3.850 motion with respect to this claim, stating in pertinent part:

> In Ground Five, Defendant claims that counsel was ineffective for failing to file a

Motion to Compel Officer Sharp to answer a question posed during his deposition and, upon Officer Sharp's continued refusal, file a Motion in Limine to prohibit Officer Sharp from testifying at the suppression hearing. Defendant also avers that counsel was ineffective for failing to preserve this issue for appellate review. In support of this contention, Defendant asserts that during Officer Sharp's deposition, counsel inquired about the Officer's disciplinary history and Officer Sharp refused to answer. Defendant opines that this omission prevented counsel from being fully prepared for the suppression hearing.

Initially, this Court notes that at Defendant's plea hearing, the following exchange occurred between the trial court and Defendant regarding counsel's performance:

THE COURT: Are there any motions you want [your attorney] to file that he hasn't already done?

THE DEFENDANT: No, Sir.

(Ex. D at 14.) Defendant cannot now seek to go behind this sworn testimony. Further, counsel cannot be ineffective for failing to file a motion which could have been properly denied. <u>Branch</u>, 952 So. 2d at 476.[21] Assuming arguendo that counsel was ineffective, the outcome of Defendant's case would be unaffected by counsel's failure to file a Motion to Compel or a Motion in Limine. The deposition question at the center of Defendant's claim has no influence on his plea, but is instead related to a suspension Officer Sharp received six years prior. (Ex. H at 44.)[22] Moreover, even if counsel was successful in excluding Officer Sharp from testifying at the suppression hearing, this

---

[21] <u>Branch v. State</u>, 952 So. 2d 470 (Fla. 2006).

[22] <u>See</u> Resp. Ex. 26, exhibit H at 44.

> would have no bearing on Defendant's case
> because Officer Reagor also testified at the
> suppression hearing about the incident. (Ex. F
> at 7-14.)[23] Thus, Defendant does not
> demonstrate prejudice and fails to meet the
> second prong of <u>Strickland</u>. Accordingly,
> Defendant is not entitled to relief.
> <u>Strickland</u>, 466 U.S. at 697 ("[T]here is no
> reason for a court deciding an ineffective
> assistance claim . . . to address both
> components of the inquiry if the defendant
> makes an insufficient showing on one").

Resp. Ex. 26 at 9-10. Starkes did not appeal the post-conviction court's denial. Respondents contend that the claim is procedurally barred since Starkes failed to appeal the court's denial. <u>See</u> Response at 16-20. On this record, the Court agrees that the claim has not been exhausted, and is therefore procedurally barred since Starkes failed to raise the claim in a procedurally correct manner. Starkes has not shown either cause excusing the default or actual prejudice resulting from the bar.[24] Moreover, he has failed to identify any fact warranting the application of the fundamental miscarriage of justice exception.

Assuming that Starkes' claim is not procedurally barred, Starkes is not entitled to relief. The state post-conviction court's adjudication of this claim is entitled to deference under AEDPA. After a review of the record and the applicable law, the

---

[23] <u>See</u> Resp. Ex. 26, exhibit F.

[24] As discussed in the following alternative merits analysis, this ineffectiveness claim lacks any merit. Therefore, Starkes has not shown that he can satisfy an exception to the bar.

Court concludes that the state court's adjudication of this claim was not contrary to clearly established federal law and did not involve an unreasonable application of clearly established federal law. Nor was the state court's adjudication based on an unreasonable determination of the facts in light of the evidence presented in the state court proceedings. Accordingly, Starkes is not entitled to relief on the basis of this claim.

Even assuming that the state court's adjudication of this claim is not entitled to deference, and that the claim presents a sufficiently exhausted issue of federal constitutional dimension, Starkes' claim is, nevertheless, without merit. Thus, Starkes must establish that no competent attorney would have taken the action that counsel, here, chose. At Officer Sharp's deposition, defense counsel inquired as follows:

> [DEFENSE COUNSEL]: Could you just tell me briefly what discipline you have had?
>
> [OFFICER SHARP]: Yeah. Once for, I guess, conduct unbecoming.
>
> [DEFENSE COUNSEL]: What was the -- what was the result? What punishment, if anything, did you receive?
>
> [OFFICER SHARP]: It was a suspension.
>
> [DEFENSE COUNSEL]: And how long ago was that?
>
> [OFFICER SHARP]: Six years ago maybe.
>
> CQ1 [DEFENSE COUNSEL]: Okay. Could you just briefly tell me what -- what it is that you did?

[OFFICER SHARP]: Is that pertinent to this case?

[PROSECUTOR]: You can certify the question.

[DEFENSE COUNSEL]: I'll certify the question.

[PROSECUTOR]: Okay. The Court would have to make you answer.

[OFFICER SHARP]: Okay.

[DEFENSE COUNSEL]: Any other incidents?

[OFFICER SHARP]: No.

Resp. Ex. 26, exhibit H at 44. On this record, Starkes has failed to carry his burden of showing that his counsel's representation fell outside that range of reasonably professional assistance.

Even assuming arguendo deficient performance by defense counsel, Starkes has not shown any resulting prejudice. He has not shown that a reasonable probability exists that the outcome of the case would have been different if counsel had requested that the court direct Officer Sharp to answer the question or prohibit him from testifying at the suppression hearing and preserved the issue for appellate review. His ineffectiveness claim is without merit since he has shown neither deficient performance nor resulting prejudice. Accordingly, Starkes is not entitled to federal habeas relief on ground four.

## IX. Certificate of Appealability
### Pursuant to 28 U.S.C. § 2253(c)(1)

If Starkes seeks issuance of a certificate of appealability, the undersigned opines that a certificate of appealability is not

warranted. This Court should issue a certificate of appealability only if the petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make this substantial showing, Starkes "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," <u>Tennard v. Dretke</u>, 542 U.S. 274, 282 (2004) (quoting <u>Slack v. McDaniel</u>, 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further,'" <u>Miller-El v. Cockrell</u>, 537 U.S. 322, 335-36 (2003) (quoting <u>Barefoot v. Estelle</u>, 463 U.S. 880, 893 n.4 (1983)).

Where a district court has rejected a petitioner's constitutional claims on the merits, the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong. <u>See</u> <u>Slack</u>, 529 U.S. at 484. However, when the district court has rejected a claim on procedural grounds, the petitioner must show that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." <u>Id.</u> Upon consideration of the record as a whole, this Court will deny a certificate of appealability.

Therefore, it is now

**ORDERED AND ADJUDGED:**

1.   The Amended Petition (Doc. 11) is **DENIED**, and this action is **DISMISSED WITH PREJUDICE**.

2.   The Clerk of the Court shall enter judgment denying the Amended Petition and dismissing this case with prejudice.

3.   If Starkes appeals the denial of the Amended Petition, the Court denies a certificate of appealability. Because this Court has determined that a certificate of appealability is not warranted, the Clerk shall terminate from the pending motions report any motion to proceed on appeal as a pauper that may be filed in this case. Such termination shall serve as a denial of the motion.

4.   The Clerk of the Court is directed to close this case and terminate any pending motions.

**DONE AND ORDERED** at Jacksonville, Florida, this 18th day of September, 2017.

MARCIA MORALES HOWARD
United States District Judge

sc 9/18
c:
Jimmie D. Starkes
Counsel of Record